IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| LAMARCUS DEMOND PHILPOT, )<br>AIS #221354, )<br>   )<br>   Petitioner, )<br>   )<br>v.   )<br>   )<br>   )<br>JAMES DELOACH, *et al.*, )<br>   )<br>   Respondents. ) | CIVIL ACTION NO. 3:03-CV-986-A<br>[WO] |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION AND PROCEDURAL HISTORY**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Lamarcus Demond Philpot ["Philpot"], a state inmate, on September 26, 2003. In this petition, Philpot challenges a conviction for first degree rape entered against him by the Circuit Court of Lee County, Alabama on December 4, 2001.[1] The trial court sentenced Philpot to thirty-five years imprisonment for this conviction.

On direct appeal, appellate counsel proceeded in accordance with *Anders v. California*, 386 U.S. 738 (1967). *See Respondents' Exhibit B*. Additionally, Philpot filed a *pro se* brief in which he raised the following claims for relief: (1) the victim provided

---

[1] On July 31, 2000, a Lee County grand jury indicted Philpot for one count of first degree rape. The indictment charges that "Lamarcus Demond Philpot . . . did engage in sexual intercourse with Lashonda Faye Williams . . . by forcible compulsion, in violation of § 13A-6-61 of the Code of Alabama .." *Respondents' Exhibit A - Vol. I* at 8. This indictment tracks the language of § 13A-6-61(a)(1), *Ala. Code* 1975.

contradictory testimony insufficient to support a conviction for first degree rape; (2) the victim's statement to law enforcement officials could have been the result of improper coercion; (3) the trial court improperly admitted evidence of Philpot's prior bad acts against the victim; and (4) the evidence failed to establish forcible compulsion or penetration. *Respondents' Exhibit C - Pro Se Notice of Issues* at 1-15.

On September 20, 2002, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming Philpot's conviction. *Respondents' Exhibit D* (["A] review of the record reveals no issue which warrants review on appeal. Therefore, the judgment of the trial court is affirmed."). Philpot did not undertake any further action on direct appeal. He did not seek a rehearing in the appellate court nor did he file a petition for writ of certiorari with the Alabama Supreme Court. The appellate court therefore issued the certificate of judgment on October 8, 2002. *Respondents' Exhibit E*.

On February 25, 2003, Philpot filed a state post-conviction petition pursuant to Rule 32 of the Alabama Rules of Criminal Procedure in which he argued that: (1) the trial court improperly charged the jury on reasonable doubt; (2) trial counsel provided ineffective assistance because he (i) did not object to the trial court's failure to instruct the jury on the lesser included offense of sexual misconduct, (ii) failed to object to the jury instruction on reasonable doubt, and (iii) did not adequately prepare for trial; (3) appellate counsel rendered ineffective assistance by failing to adjudicate the case properly on direct appeal

2

by raising each of the aforementioned issues; and (4) the trial court lacked jurisdiction to render judgment or impose sentence due to (ii) the improper instruction on reasonable doubt, and (ii) the State's failure to prove the elements of first degree rape which constituted a variance in the evidence presented at trial and the charge contained in the indictment.[2]  *Respondents' Exhibit F* at 21-39 - *Attachment to the Rule 32 Petition* at 1-21.

On the pre-printed form provided to prisoners for filing a Rule 32 petition, Philpot also placed an "XXX" mark beside the claim "[c]onviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant." *Respondents' Exhibit F* at 14 - *Petitioner's Rule 32 Petition* at 5.  Philpot did not present any facts or evidence in support of this claim nor did he reference it in the detailed attachment to the petition.  Specifically, he did not identify the alleged "favorable evidence" withheld by the prosecutor.  The Circuit Court of Lee County issued an order denying Philpot relief on the claims presented in his Rule 32 petition. *Respondents' Exhibit F* at 44-45 - *Order of March 14, 2003* at 1-2.

Philpot appealed the denial of his Rule 32 petition in which he argued that: (1) the

---

[2]In support of the lack of jurisdiction claim, Philpot argued that the State did not present sufficient evidence to prove forcible compulsion.  He further complains that the evidence submitted at trial established "that the alleged victim was older than 12 years of age at the time of the alleged rape.  Thereby making the indictment invalid and a nullity" as the State failed to prove the age element contained in § 13A-6-61(a)(3). *Respondents' Exhibit F* at 38 - *Petitioner's Attachment to the Rule 32 Petition* at 20.  This assertion is refuted by the record as the indictment did not charge Philpot with "engag[ing] in sexual intercourse with a female who is less than 12 years old" as prohibited by § 13A-6-61(a)(3); rather, the indictment only charged that Philpot "did engage in sexual intercourse with Lashonda Faye Williams . . . by forcible compulsion . . .", a violation of § 13A-6-61(a)(1).

3

trial court erred in denying his Rule 32 petition because the claims raised were meritorious and supported by law; (2) trial counsel was ineffective because he did not request a jury charge on the lesser included offense of sexual misconduct; (3) appellate counsel provided ineffective assistance because he failed to pursue a properly prepared direct appeal raising claims of ineffective assistance of trial counsel, challenging the reasonable doubt instruction and attacking the trial court's failure to instruct the jury on sexual misconduct; and (4) the trial court improperly instructed the jury on reasonable doubt. *See Respondents' Exhibit G*.

On August 15, 2003, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming the trial court's denial of Philpot's Rule 32 petition. *Respondents' Exhibit I*. In so doing, the appellate court determined that:

> Philpot contends that the circuit court erroneously dismissed his petition without addressing the specific claims, which, he asserts, were "meritorious and supported by case law." The following is a list of the claims Philpot asserted in his petition, along with our treatment of those claims:
>> (1) Philpot claimed that the trial court's jury instruction on reasonable doubt violated his right to due process. This issue was precluded from the circuit court's consideration by Rule 32.2(a)(3), because it could have been asserted at trial.
>> (2) Philpot asserted that his trial counsel was ineffective for failing to request a jury charge on the offense of sexual misconduct, § 13A-6-65, Ala.Code 1975, as a lesser-included offense. Philpot was indicted under § 13A-6-61(a)(1), i.e., that he engaged in sexual intercourse with the victim by forcible compulsion. In arguing this claim, Philpot asserted that the evidence established that the act was consensual. Thus, the only alternative of § 13A-6-65(a) that could have remotely been a possible lesser-included offense is the following: "A

4

person commits the crime of sexual misconduct if ... [b]eing a male, he engages in sexual intercourse with a female . . . with her consent where consent was obtained by the use of any fraud or artifice . . . ." However, Philpot did not specify (in his petition or in his brief) the facts upon which he based his conclusion that sexual misconduct was a lesser included offense. Thus, Philpot did not plead this claim with the factual specificity required by Rule 32.6(b). We note that, in supporting this claim, Philpot asserted that there was a fatal variance in the rape indictment and the proof [at trial] because the victim was more than 12 years old and that, thus, the indictment was a nullity. He based this assertion on the incorrect conclusion that the indictment charged § 13A-6-61(a)(3). Because Philpot was charged under § 13A-6-61(a)(1), the age of the victim was irrelevant.

   Philpot further asserted that trial counsel was ineffective for failing to object to the . . . "substantial doubt" language in the trial court's jury charge . . . Citing *Cage v. Louisiana*, 498 U.S. 39 (199[0]), Philpot argued that "substantial" doubt is not the equivalent of "reasonable" doubt. However, that alone is not a constitutional violation. . . .

> "In *Victor v. Nebraska*, 511 U.S. 1, 114, S.Ct. 1239, 127 L.Ed.2d 583 (1994), the United States Supreme Court held that jury instructions on reasonable doubt that incorporated the terms 'moral certainty,' 'abiding conviction,' and 'substantial doubt,' did not lower the standard for determining what the term 'guilt beyond a reasonable doubt' means."

Accordingly, Philpot's claim did not have any merit.

   Philpot further appeared to argue that trial counsel was ineffective for allegedly failing to investigate and prepare for trial. For support of that claim, he pointed out that the only State exhibits "were of the alleged victim's house" and that these exhibits were inconsistent with the State's theory that the rape occurred in a vacant house. This claim was insufficiently pled: neither deficiency in counsel's performance nor prejudice allegedly resulting from any proposed deficiency was apparent on the face of Philpot's allegation.

>    Philpot also asserted that trial counsel was ineffective for failing to argue that the evidence established that the victim was more than 12 years old. As noted above, because Philpot was charged under § 13A-6-61(a)(1), the age of the victim was irrelevant.
>
>    (3) Philpot further contended that his appellate counsel was ineffective for failing to assert, as issues on appeal, the alleged ineffectiveness of trial counsel and the trial court's jury instruction on reasonable doubt. Appellate counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738 (1967). The claim of ineffective appellate counsel was procedurally barred by Philpot's failure to raise, on direct appeal in response to his counsel's *Anders* brief, any proposed issue that he believed his attorney should have raised on appeal, e.g., the proposed issue of the allegedly erroneous "reasonable doubt" jury instruction. *See Jones v. State*, 816 So.2d 1067 (Ala. Crim. App. 2000). We further note that the issue of ineffective trial counsel could not have been asserted before this Rule 32; it could not have been preserved for appellate review because appellate counsel was appointed after the time for filing a motion for a new trial had expired.
>
>    (4) Finally, Philpot claimed that the trial court did not have jurisdiction because the reasonable-doubt instruction was erroneous and because the element of the victim's age was not established and, thus, the indictment was void. These claims did not constitute jurisdictional claims. They were precluded by Rule 32.2(a)(3), because they could have been asserted at trial.
>
> Based on the foregoing, we find that the circuit court's dismissal was proper under Rule 32.7(d). Accordingly, the circuit court's dismissal of Philpot's petition is affirmed.

*Respondents' Exhibit I* at 1-5 (footnote omitted).

Philpot filed an application for rehearing which the appellate court denied on September 12, 2003. *Respondents' Exhibit K*. Philpot, however, did not file a petition for writ of certiorari with the Alabama Supreme Court. Consequently, on October 1, 2003, the

6

Alabama Court of Criminal Appeals issued the certificate of judgment. *Respondents' Exhibit L*.

On September 26, 2003, Philpot filed a 28 U.S.C. § 2254 petition in which he raises the following claims for relief:

> 1. Trial counsel provided ineffective assistance because counsel (i) failed to challenge the court's failure to include a jury instruction on the lesser included offense of sexual misconduct since the evidence failed to establish the elements of first degree rape, and (ii) did not object to the jury charge given on reasonable doubt.
>
> 2. Appellate counsel provided ineffective assistance because counsel failed to raise on direct appeal (i) issues of ineffective assistance of trial counsel, and (ii) a challenge to the jury instruction on reasonable doubt.

In addressing these initial habeas claims, the respondents argue that such claims are procedurally barred from review by this court because Philpot failed to "pursue a petition for writ of certiorari to present these claims to the Supreme Court of Alabama . . ." on appeal from the denial of his Rule 32 petition. *Respondents' October 23, 2003 Answer - Court Doc. No. 5* at 6. Based on the foregoing, this court entered an order allowing Philpot an opportunity to respond to the procedural default argument set forth by the respondents.

In his responses, Philpot argues that lack of an adequate prison law library constitutes cause for his procedural default arising from the failure to raise issues in the Alabama Supreme Court on appeal from the denial of his Rule 32 petition. *Petitioner's*

7

*January 22, 2004 Objection to the Supplemental Answer - Court Doc. No. 13* at 2. Moreover, he presents an additional claim for habeas relief alleging that the prosecution withheld evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).[3] Throughout his pleadings, Philpot also contends that this court should consider the merits of his claims for relief to prevent a fundamental miscarriage of justice because he is actually innocent of first degree rape.

In their answers addressing these additional issues, the respondents contend that the *Brady* claim is procedurally defaulted because Philpot failed to present this claim fairly to the trial court in the Rule 32 petition and failed to raise this claim on direct appeal from the trial court's denial of this petition.[4] *Respondents' March 20, 2004 Third Supplemental*

---

[3] Philpot complains that the prosecutor violated his constitutional rights when he failed to disclose to the defense a "statement[] made by the victim to [a] detective concerning the alleged rape, where the victim failed to mention a knife being involved . . ." *Petitioner's January 22, 2004 Objection to the Supplemental Answer - Court Doc. No. 13* at 2. In *Brady*, the Supreme Court held that "the suppression of evidence favorable to the accused upon request violates due process where the evidence is material either to guilt or punishment." 373 U.S. at 87.

[4] Similarly, the respondents maintain that no *Brady* violation occurred. Although the only statement provided by the victim to law enforcement officials noted that Philpot had a knife at the time of the rape, the statement did not include any exculpatory evidence. The record supports this assertion. The victim's statement on which Philpot bases his *Brady* claim reads, in pertinent part, as follows: ". . . I awoke from sleep on 07/13/2000 at about 2:00 AM. At this point [Lamarcus Philpot] put a steak knife to the left side of my throat which he was holding in his left hand. He covered my mouth with his right hand. He stated 'Don't make any moves, make any noise or holler or I'll kill you!' He pulled me off the bed, out of my room, down the hallway and out of the back door. . . . Once outside we walked to Mickey's house on Springhill Court. While we walked, he was behind me with the knife to my throat and his hand over my mouth. Once we reached Mickey's house we went through the unlocked front door. Nobody was home. He forced me to a bedroom within the house. Philpot let go of me and I sat down on the bed. Philpot laid the knife on the dresser and began pacing the floor. . . . A short time later he came over to the bed and sat next to me. He started kissing and rubbing on me. I felt like he wanted to have sex with me. I told him, 'No Lamarcus I don't feel like we should be doing this right now.' He said, 'Yeah, you're right,' but he kept on kissing and rubbing on me. I told Lamarcus that we did not have a change of clothes or a bath to take a bath in. At this point he stood up and grabbed the knife off the dresser and pointed it at me. I did believe at that time that he would hurt me if I did not have sex with him. . . . So at this point we had sexual intercourse on the bed . . ." *Respondents' Appendix A - July 13, 2000 Statement of Lashonda Faye Williams to*

*Answer - Court Doc. No. 20* at 5. The respondents further argue that the inadequate law library claim does not establish cause for the default at issue because Philpot cannot show how this alleged inadequacy in any way affected his ability to petition the Alabama Supreme Court for relief after the appellate court's affirmance of the denial of his Rule 32 petition. As the respondents observe and the record confirms "Philpot was able to file a pro se Rule 32 petition in the circuit court . . .; was able to file a pro se brief in the Alabama Court of Criminal Appeals . . .; and was able to file a pro se application for rehearing in the Alabama Court of Criminal Appeals . . ." *Respondents' February 18, 2004 Second Supplemental Answer - Court Doc. No. 16* at 2-3 (citations omitted).

With respect to the allegation of actual innocence, the respondents assert that this claim is without merit. In support of this assertion, the respondents contend that Philpot merely reasserts the defense of consensual sexual intercourse which the jury rejected at trial. *Id*. at 6. Moreover, it is clear from the record that Philpot's defense based on the age of the victim provides no basis for relief because the age of the victim is irrelevant to the charge in the indictment and on which the jury entered a judgment of conviction.

Upon review of the § 2254 petition, the respondents' answers, and Philpot's responses to the answers, the court concludes that no evidentiary hearing is required and that the petition is due to be denied in accordance with the provisions of Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*.

---

*Detective James Burdon* at 1-2.

9

## II.  DISCUSSION

*A.  Procedural Default*

It is clear that each of the claims raised in this federal habeas action, with the exception of the *Brady* claim, are barred from review by this court because Philpot failed to present them the Alabama Supreme Court in a petition for writ of certiorari on appeal from the denial of his Rule 32 petition.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Pruitt v. Jones*, 348 F.3d 1355 (11th Cir. 2003); *Smith v. Jones*, 256 F.3d 1135, 1137 (11th Cir. 2001).

The *Brady* claim is procedurally defaulted because Philpot failed to present this claim properly to the trial court in the Rule 32 petition, and, even assuming that the claim had been fairly presented to the trial court, Philpot did not raise this claim on appeal from the denial of the Rule 32 petition.  *Brownlee v. Haley*, 306 F.3d 1043, 1065 (11th Cir. 2002); *Holladay v. Haley*, 209 F.3d 1243, 1254 n. 9 (11th Cir.), *cert denied*, 531 U.S. 1017 (2000); *Teague v. Lane*, 489 U.S. 288 (1989); *Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999).

This court may reach the merits of a procedurally defaulted claim only if the petitioner shows either (1) cause for the procedural default and actual prejudice arising out of the violation of federal law, *Coleman v. Thompson*, 501 U.S. 722 (1991), or (2) a resulting fundamental miscarriage of justice if the federal court does not consider the merits of the claims.  *Schlup v. Delo*, 513 U.S. 298, 320 (1995).

In his responses to the respondents' answers, Philpot asserts the lack of an adequate prison law library as cause for his procedural default. He also argues that this court should address his claims on the merits in order to avoid a fundamental miscarriage of justice because he is actually innocent of first degree rape.

With respect to his challenge to the adequacy of the law library, an alleged inadequate prison law library, standing alone, does not establish cause absolving a procedural default. *See Felder v. Johnson*, 204 F.3d 168 (11th Cir. 2000); *see also Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir.2000), *cert. denied,* 531 U.S. 1194, 121 S.Ct. 1195, 149 L.Ed.2d 110 (2001). To demonstrate cause sufficient to excuse a procedural default, Philpot must establish that an objective impediment, not of his own making, denied him the opportunity of presenting his claims in a petition for writ of certiorari to the Alabama Supreme Court on appeal from the denial of his Rule 32 petition. *See McCoy v. Newsome*, 953 F.2d 1252, 1260 (11th Cir. 1992). Under the undisputed facts of this case, the court concludes that Philpot has failed to show that any deficiency in the prison law library constituted an impediment to filing a petition for writ of certiorari with the Alabama Supreme Court.

While in prison, Philpot filed several *pro se* actions in the state courts in which he challenged the constitutionality of his rape conviction. He also submitted a *pro se* brief on direct appeal, filed a Rule 32 petition presenting detailed claims challenging his rape conviction, appealed the trial court's denial of the Rule 32 petition to the Alabama Court

of Criminal Appeals, and sought rehearing in the appellate court upon its decision affirming the trial court's denial of his post-conviction petition. In its order overruling Philpot's application for rehearing, the Alabama Court of Criminal Appeals expressly advised Philpot of the availability of filing a petition for writ of certiorari with the Alabama Supreme Court and the state procedural rule governing such filing. *See Respondents' Exhibit K*.

Philpot has presented nothing which indicates that the condition of the law library was an objective impediment to his seeking relief in the Alabama Supreme Court during the Rule 32 appeal process. It is therefore clear that Philpot's claim of an inadequate law library does not establish cause for his failure to file a petition for writ of certiorari in the Alabama Supreme Court after the appellate court overruled his application for rehearing affirming the denial of the Rule 32 petition. Moreover, to the extent that Philpot argues his reliance on pre-*O'Sullivan* case law demonstrates the requisite cause, he is similarly entitled to no relief as a petitioner's lack of legal knowledge fails to establish cause for a procedural default. *Harmon v. Barton*, 894 F.2d 1268 (11th Cir. 1990); *Smith v. Newsome*, 876 F.2d 1461 (11th Cir. 1989).

The court has thoroughly reviewed the responses submitted by Philpot. In these documents, Philpot demonstrates neither cause for his failure to present his federal habeas claims to the state courts in compliance with applicable procedural rules nor the existence of actual prejudice emanating from infringement of federal law. Nevertheless, this court

may still reach the merits of Philpot's procedurally defaulted claims in order to prevent a fundamental miscarriage of justice.

The miscarriage of justice standard is directly linked to innocence. *Schlup v. Delo*, 513 U.S. 298, 321 (1995). Innocence is not an independent claim; rather, it is the "gateway" through which a petitioner must pass before a court may consider constitutional claims which are defaulted. *Id.* at 315. This exception applies where a petitioner establishes that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986); *Schlup v. Delo*, *supra*.

"To establish actual innocence, [a habeas petitioner] must demonstrate that . . . 'it is more likely than not that no reasonable juror would have convicted him.' *Schlup v. Delo*, 513 U.S. 298, 327-328, 115 S.Ct. 851, 867-868, 130 L.Ed.2d 808 (1995)." *Bousley v. United States,* 523 U.S. 614, 623 (1998). "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency. *See Sawyer v. Whitley*, 505 U.S. 333, 339, 112 S.Ct. 2514, 2518-2519, 120 L.Ed.2d 269 (1992)." *Id.* at 623-624.

> *Schlup* observes that
>
>> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . . . To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy

13

> eyewitness accounts, or critical physical evidence – that was not presented at trial.

513 U.S. at 324.

Philpot has failed to make the requisite showing of actual factual innocence. He has presented no new evidence nor suggested that any exists which could satisfy the standard set forth in *Schlup*. Philpot's procedurally defaulted claims are therefore foreclosed from federal habeas review.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The petition for habeas corpus relief filed by Lamarcus Demond Philpot on September 26, 2003 be denied.

2. This case be dismissed with prejudice.

It is further

ORDERED that on or before November 2, 2005, the parties may file objections to the Recommendation. Any objections filed shall specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the

Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 19th day of October, 2005.

/s/ Vanzetta Penn McPherson
UNITED STATES MAGISTRATE JUDGE